IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| U.S. SPECIALITY INSURANCE COMPANY | § § § | |
| | § | Cause No. 4:09CV353 |
| Plaintiff | § § | |
| v. | § § | |
| ESTATE OF ROLAND SCHURRER, et al. | § § | |
| Defendants | § § | |

## MEMORANDUM OPINION AND ORDER

On May 11, 2010, the Court conducted a hearing on the following motions:

- Defendants' Motion to Apportion Proceeds and Disburse (Dkt. 33);

- Defendant's Motion to Dismiss Estate of Roland Schurrer as am Improper Party (Dkt. 40);

- Defendants' Motion for Summary Judgment on Cross-Claim Against the Estate of Roland Schurrer and his Wrongful Death Beneficiaries (Dkt. 54); and

- Plaintiff U.S. Specialty Insurance Company's Motion to Dismiss (Dkt. 56)

This case is an interpleader action arising from a plane crash on July 8, 2009, which resulted in the deaths of Roland Schurrer, Jeff Byron, Greg Arceneaux, Steve Barrows, and Mysela Parks. It concerns a $1,000,000 insurance policy issued by U.S. Specialty Insurance Company. On December 2, 2009, the Court ordered – pursuant to an agreed motion by the parties – that U.S. Specialty Insurance Company be permitted to deposit the $1,000,000 in insurance proceeds into the Registry of the Court (*see* Dkt. 32).

1

In its motion to dismiss, U.S. Specialty now seeks to be dismissed from the action. U.S. Specialty argues that, now that it has deposited the insurance proceeds at issue into the Registry of the Court, it has no interest in the case and should be discharged from the litigation. The Schurrer Estate opposes dismissal of U.S. Specialty, claiming that Q4 Aviation, LLC and Quality Powder Coating, LLC – both of which were added as Defendants in Plaintiff's Amended Complaint – have not yet been served or entered an appearance. The Schurrer Estate also argues – without any authority in support – that Plaintiff should not be dismissed to the extent the dismissal would relieve Plaintiff from its duty to defend the Schurrer Estate or any other insureds under the Policy at issue.

Generally, an interpleader action involves two stages. *Rhoades v. Casey*, 196 F.3d 592, 600-601 (5th Cir. 1999). First, the court determines whether the requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund. *Id.* If the court finds that the requirements have been met, the court then moves to the second stage of determining the respective rights of the claimants, either through summary judgment or trial in which each claimant proves its right to the fund by a preponderance of the evidence. *Id.*

Once the court determines that the first stage has been satisfied, the court may dismiss the stakeholder Plaintiff from the action. 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1714 (3d ed. 2019) ("When the court decides that interpleader is available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested"); *General Elec. Capital Assur. v. Van Norman*, 209 F. Supp.2d 668 (S.D. Tex. 2002). This Court has broad discretion in interpleader actions. *Rhoades*, 196 F.3d at 600-601.

Having heard the arguments of counsel at the hearing and on the record, the Court finds that U.S. Specialty has no stake in the claims here and should be dismissed from the suit. "The purpose of interpleader is to enable the plaintiff-stakeholder to avoid 'the burden of unnecessary litigation or the risk of loss by the establishment of multiple liability when only a single obligation is owing.'" *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 631 (5th Cir. 2002); *see also Airborne Freight Corp. v. U.S.*, 195, F.3d 238, 240 (5th Cir. 1999) ("Interpleader should be employed for the avoidance of the burden of unnecessary litigation or the risk of loss by the establishment of multiple liability when only a single obligation is owing.") (internal quotations omitted). An interpleader action is designed to protect a stakeholder plaintiff, like U.S. Specialty Insurance Company, from the possibility of multiple claims upon a single fund. *Matter of Bohart*, 743 F.2d 313, 324-25 (5th Cir. 1984).

Therefore, Plaintiff U.S. Specialty Insurance Company's Motion to Dismiss (Dkt. 56) is GRANTED. The Court is not convinced by the argument that Q4 Aviation, LLC and Quality Powder Coating, LLC must be served prior to U.S. Specialty's dismissal. They have been named for more than three months, and any party – including the Schurrer Estate – could bring them into the suit if necessary or desired. They have not, and the Court will not require U.S. Specialty – a totally disinterested party – to invest any more of its resources here. The Court also declines to make any determinations about U.S. Specialty's duties under the Policy in this interpleader action. That is not a matter currently before the Court, and Plaintiff U.S. Specialty Insurance Company is dismissed from this matter at this time.

With U.S. Specialty discharged, the Court next must determine the rights of the respective claimants or Defendants in the deposited proceeds. All Defendants, except the Schurrer Estate, have agreed upon a reasonable apportionment of funds. The proposed distribution is as follows:

- James Byron and Myrna Byron (individually and as representatives of the Estate of Jeff Byron): $250,000

- Sunny Arceneaux Mcculloch, Suzette, Arceneaux Bean, Shane Arceneaux, and Gary J. "Skeet" Arceneaux (individually and as representatives of the Estate of Greg Arceneaux): $250,000

- Ron and Ann Barrows (individually and as representatives of the Estate of Steve Barrows): $250,000

- Priscilla Parks Biney (individually and as representative of the Estate of Mysela Parks): $250,000

In the multiple pleadings before the Court, the Schurrer Estate argues that it *may* have a claim to the proceeds, but never states that it does. In the hearing before the Court on May 11, 2010, counsel for the Schurrer Estate, after much questioning by the Court, asserted that it was making a claim to the proceeds here, but did not set forth the legal grounds for such an assertion or what its claim was. Since the hearing, the Schurrer Estate has filed no additional pleadings to state what claim it has as to the proceeds.

The Estate of Steve Barrows has filed a Motion to Dismiss Estate of Roland Schurrer as an Improper Party (Dkt. 40). In the motion, Defendant argues that the Estate of Roland Schurrer should be dismissed from the suit because it has not made any claim to the proceeds of the Policy. In light of the statement by the Schurrer Estate's counsel at the May 11, 2010 hearing that it is making *some* claim here, the motion to dismiss the Schurrer Estate on that grounds is DENIED. The Schurrer

Estate has now made a claim on the record to the proceeds at issue.

However, the fact that the claims survive a motion to dismiss (which are generally disfavored) does not mean the Schurrer Estate can survive summary judgment. Defendants James Byron and Myrna Byron have filed a Motion for Summary Judgment on their Cross Claim against the Estate of Roland Schurrer and his Wrongful Death Beneficiaries (Dkt. 54). In the motion, Defendants seek summary judgment that Christine Schurrer and Michelle Pike, individually and jointly as co-administrators of the Estate of Roland Schurrer, have no right to claim the funds tendered into the Registry of the Court and should be from this action. Specifically, Defendants argue that the insurance policy at issue specifically excluded coverage for any bodily injury to Rolland Schurrer (as the "Named Insured" in the Policy) which would therefore preclude any recovery here by Christine Schurrer and Michelle Pike, individually or as representatives of his estate.

In response, the Schurrer Estate Defendants first argue that the Byron Defendants have failed to offer any evidence showing that the Schurrer Defendants have not made a claim to the proceeds at issue. The Schurrer Defendants also argue that the other Defendants were not parties to the Insurance Policy between Roland Schurrer and U.S. Specialty Insurance Company and only U.S. Specialty Insurance has the ability to enforce the terms of the Insurance Policy. Finally, rather than challenge the argument that Rolland Schurrer is excluded from coverage because he was the "Named Insured" under the Policy, the Schurrer Defendants argue that the Policy also excludes the Byron and Barrows Estates from coverage because those two individuals were employees of Schurrer, precluding any recovery by the Byron Defendants or the Barrows Defendants.

The Court is wholly unconvinced by the Schurrer Estate's arguments. Primarily, the response misconstrues the movant's and nonmovant's respective burdens on summary judgment. The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). The Court finds that Defendants James Byron and Myrna Byron have sustained their burden here.

In response, as the nonmovant, the Schurrer Estate's pleading "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). The nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d

6

at 655. Here, the Schurrer Estate has offered *no* summary judgment evidence in support of its claims to the proceeds at issue.

Next, the Court looks to the argument that the other Defendants (who were undisputably not parties to the Insurance Policy) cannot rely on its language in order to grant them summary judgment and dismiss the Schurrer Estate from the suit. The Court is not persuaded by the Schurrer Estate's argument that Defendants James and Myrna Byron lack "standing" to rely on the Schurrer's Insurance Policy in seeking summary judgment as to their claims. Not only does the Court agree with the Byrons that courts – and claimants – regularly look to the terms of the insurance policy at issue to determine the respective rights of the claimants in an interpleader action, the Policy says what it says. No standing is required in order for any party to introduce it into evidence. It is part of the summary judgment record, and the Court will consider it as summary judgment evidence in determining whether to grant summary judgment for the Byrons.

Moreover, while the Court is guided by the language of the Insurance Policy in its determination here, this is not a declaratory judgment action on the rights under the Policy. It is an interpleader action. "Interpleader generally is a suit in equity which invokes equitable principles," and the Court will consider the record in light of those principles. *Fulton v. Kaiser Steel Corp.* 397 F.2d 580, 583 (5th Cir. 1968).

The only evidence in the summary judgment record is the Insurance Policy, Roland Schurrer's application for it, and the addendums to it. Texas law controls the construction of the Schurrer Estate's rights under the Insurance Policy. *Harris v. Sentry Title Co.*, 715 F.2d 941, 945 (5th Cir.1983) (citations omitted), modified on other grounds, 727 F.2d 1368 (5th Cir.1984). The

Fifth Circuit has recently explained:

> Under Texas law, insurance policies are interpreted according to the rules of contract construction. If the insurance policy is worded so that it can be given a definite meaning or a certain legal meaning, the policy is not ambiguous. The plain language of an insurance policy, like that of any other contract, must be given effect when the parties' intent may be discerned from the plain language. If the policy language has only one reasonable interpretation, it is not ambiguous, and we construe it as a matter of law. If the contract is susceptible to two or more reasonable interpretations, it is ambiguous, and we must resolve the uncertainty by adopting a construction that favors the insured as long as that construction is not unreasonable.

*Delta Seaboard Well Serv's, Inc. v. American Int'l Specialty Lines Ins. Co.*, 602 F.3d 340, 343 (5th Cir. 2010) (internal citations omitted)

Here, the Policy contains an Endorsement that reads as follows:

> 4. What is Not Covered
>
> We do not cover any:
> a. Bodily injury to you.
>
> * * *

Dkt. 58-1 at 23. "You" is defined as "the person(s) or organization(s) named in item 1 of the Coverage Identification Page under the hearing "Named Insured." Dkt. 58-1 at 3. Rolland Schurrer and Q4 Aviation, LLC are both listed as "Named Insured"s on the Policy. Dkt. 58-1 at 11.

A review of the entire Policy indicates that it was intended to insure Schurrer for any damages for which he would otherwise be liable a to third party. The first part of Part Three, Liability to Others, reads: "We will pay damages you, and anyone we protect, are legally required to pay for bodily injury or property damage caused by an occurrence during the policy period." Dkt. 58-1 at

8

6. The undeniable purpose of the Policy was to protect Schurrer from suits by others, not insure his own life or injury to himself. Such injury was specifically excluded. Texas courts construe exclusions in insurance policies more stringently than the other parts of the insurance policy. *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 475 (5th Cir. 2001). The Court's primary goal is to give effect to the written expression of the parties' intent. *Balandran v. Safeco Ins. Co.,* 972 S.W.2d 738, 741 (Tex. 1998). Therefore, the Court finds that, in light of the plain language of the Insurance Policy and principles of equity which govern this suit, the Schurrer Estate Defendants have failed to create any genuine issue of material fact as to whether the Policy's explicit exclusion of Schurrer from coverage should be disregarded. They have simply not sustained their summary judgment burden in showing how they have a claim the funds tendered into the Registry of the Court.

The Court will briefly address the Schurrer Estate's argument that summary judgment should be denied because Byron, Barrows, and Schurrer were all employees of Quality Powder Coating LLC and were in the course and scope of their employment at the time of the accident. The Schurrer Estate argues that there is a fact issue as to whether the employee defendants are barred from recovery under the Policy since Quality Powder Coating LLC was a subscriber under Worker's Compensation laws. The Schurrer Estate has not raised these issues in a cross-motion for summary judgment or any affirmative pleading, and the Court finds that whether other claimants are entitled to claim the proceeds is wholly irrelevant to whether *the Schurrer Estate* has such a right. The Schurrer Estate Defendants have not offered any summary judgment evidence – or argument – to sustain their burden in showing that there is a fact issue as to their rights to make a claim to the policy proceeds. Therefore, Defendants' Motion for Summary Judgment on Cross-Claim Against

9

the Estate of Roland Schurrer and his Wrongful Death Beneficiaries (Dkt. 54) is GRANTED, and the Estate of Roland Schurrer and his Wrongful Death Beneficiaries shall take nothing by their claims here and are dismissed from this matter.

With the Schurrer Estate Defendants dismissed from making a claim to the proceeds, the Court is left with how to apportion the funds to the remaining claimants. According to Defendants' Motion to Apportion Proceeds and Disburse (Dkt. 33), all remaining claimants have reached an agreement as to how the funds should be apportioned. Having reviewed the record and heard the arguments of counsel, and recognizing the Court's equitable powers in this proceeding, the Court finds that the apportionment requested by the remaining should be made as agreed.

The Court notes that the Schurrer Estate Defendants challenged the agreed distribution, arguing that Jeffrey Byron and Steve Barrows should not be able to claim any of the Policy proceeds because the Policy excludes "employees" from coverage. Apparently, Jeffrey Byron, Steve Barrows, and Roland Schurrer were all employees of Quality Powder Coating LLC. The Schurrer Estate argues that, in light of the following provision in the Insurance Policy, the parties' agreed apportionment should not be approved by the Court. In the Policy, Part Three's provisions on Liabilities to Others contains the following exclusions:

   3.   Who is Not Protected

        Your bodily injury and property damage coverage does not protect:

        a.   Employees
             Any employee for injuries to any person who is in the course and scope of employment by the same employer;

                                    * * *

Dkt. 58-1 at 6. While the Schurrer Estate Defendants have been dismissed from making any claims to the proceeds, the Court will consider whether their argument has any merit. First, the Court notes that the Schurrer Estate has never filed a motion for affirmative relief seeking a determination of the rights of the claimants to the proceeds or offered any evidence to support its position. There is therefore no evidence in the record to show that Jeffrey Byron or Steve Barrows were acting in the course and scope of their employment at the time of their deaths.

Moreover, the Court finds that the Policy does not clearly exclude *all* "employees" from coverage, as such a provision would be overly broad. As noted above, if an insurance policy is ambiguous or susceptible to more than one interpretation, this Court is tasked with resolving "the uncertainty by adopting a construction that favors the insured as long as that construction is not unreasonable." *Delta Seaboard Well Serv's, Inc.*, 602 F.3d at 343.

In this case, the Policy's exclusion language as to "employees" continues and provides greater explanation as to those employees who were intended to be excluded.

4. What is Not Covered

We do not cover any:

a. *Pilots and Use*

   Bodily injury or property damage unless the requirements of the Coverage Identification Page regarding Pilots (Item 9) and Use (Item 10) are met;

b. ***Employees***

   **Bodily Injury to any person in the course and scope of employment either by you or by anyone we protect for any claim against you, against anyone we protect or against a fellow employee;**

\* \* \*

Dkt. 58-1 at 7 (emphasis added). Reading these provisions in conjunction with the entire Policy, the Court finds that those employees clearly excluded from coverage under the Policy are the employees of the Named Insureds, not all persons who are co-employees of any employer injured in the course and scope of employment. Even assuming Jeffrey Byron and Steve Barrows were acting in the course and scope of their employment at the time of their deaths, their employer, Quality Powder Coating LLC, is not listed as a Named Insured.

Finally, even if it could be shown that the Court's construction of the Policy is too narrow and that Jeffrey Byron and Steve Barrows somehow fall under the "employee" exclusions, the Court finds that, in the interests of equity, the proposed resolution between the remaining claimants – including the Arceneaux and Parks Estates, whose standing to make claims under the Policy has never been challenged by anyone and who are in the best position to object to any distribution to the Byron and Barrows Estates – should be approved. As noted in both the pleadings and at the hearing held before the Court, the parties seek approval of their agreement to avoid any extended litigation and depletion of the Policy proceeds in litigating these issues. The Court has broad discretion in interpleader actions. *Rhoades*, 196 F.3d at 600-601. And the Court finds, in its discretion, that the parties' agreement serves the interests of justice.

Therefore, as set forth fully above, Plaintiff U.S. Specialty Insurance Company's Motion to Dismiss (Dkt. 56) is GRANTED, Defendant's Motion to Dismiss Estate of Roland Schurrer as an Improper Party (Dkt. 40) is DENIED, Defendants' Motion for Summary Judgment on Cross-Claim Against the Estate of Roland Schurrer and his Wrongful Death Beneficiaries (Dkt. 54) is

GRANTED, and Defendants' Motion to Apportion Proceeds and Disburse (Dkt. 33) is GRANTED.

IT IS THEREFORE, ORDERED, that Plaintiff U.S. Specialty Insurance Company is dismissed from this matter, that the Estate of Roland Schurrer and his Wrongful Death Beneficiaries shall take nothing by their claims here and are dismissed from this matter, and that the one million dollar ($1,000,000.00) policy limits amount, which was deposited into the registry of the Court by Plaintiff U.S. Specialty Insurance Company, be apportioned and immediately disbursed as follows:

a. James Byron and Myrna Byron, Individually and as Co-Representatives of the Estate of Jeff Byron and His Wrongful Death Beneficiaries - **$250,000.00;**

b. Sunny Arceneaux Mcculloch, Suzette Arceneaux Dean, Shane Arceneaux, Gary J. "Skeet" Arceneaux, Individually and as Co-Representatives of the Estate of Greg Arceneaux and His Wrongful Death Beneficiaries - **$250,000.00;**

c. Ron and Ann Barrows, Individually and as Co-Representatives of the Estate of Steve Barrows and His Wrongful Death Beneficiaries - **$250,000.00;** and

d. Priscilla Parks Biney, Individually and as Representative of the Estate of Mysela Parks Biney and His Wrongful Death Beneficiaries - **$250,000.00.**

Any interest accrued on the funds shall be apportioned equally among the four sets of representatives, and all fees and costs shall be borne by the party incurring same.

**SO ORDERED.**

**SIGNED this 23rd day of June, 2010.**

*/s/ Don D. Bush*
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE